UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Jarrell Wilson

   v.                                    Civil No. 19-cv-127-PB

Northern New Hampshire Correctional
Facility Warden

**REPORT AND RECOMMENDATION**

Petitioner, Jarrell Wilson, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from the C-4 unit into the general prison population.  Before the court is Wilson's motion for a preliminary injunction (Doc. No. 8), which he filed before this court completed its preliminary review of his habeas petition.  Wilson's motion seeks an order directing prison officials to give him his "holiday package," consisting of "perishable edible items."  That motion has been referred to the magistrate judge for a report and recommendation as to disposition.  See February 22, 2019 Order.

The type of emergency relief Wilson seeks falls far outside of the core of the relief available through a petition for a writ of habeas corpus.  See Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the core of habeas corpus] and may be brought pursuant to [42 U.S.C.] § 1983 in the first

instance"). The court does not have jurisdiction to consider such claims seeking injunctions unrelated to his habeas petition. See Kyricopoulos v. Murphy, No. 16-cv-12431-IT, 2017 U.S. Dist. LEXIS 46643, at *4, 2017 WL 1190376, at *2 (D. Mass. Mar. 29, 2017). The district judge should deny the motion for a preliminary injunction on that ground.

Furthermore, Wilson has not made any showing of a likelihood of irreparable harm. See generally Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (listing factors pertinent to motions for preliminary injunctive relief); Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). Although the food in the "holiday package" at issue may spoil or be destroyed without the court's intervention, those risks do not provide grounds upon which this court could find a likelihood of irreparable harm to Wilson. Wilson could seek damages as a remedy for that loss in a civil action, if liability could be established. Cf. Charlesbank Equity Fund II, Ltd. P'ship v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004) ("Irreparable harm most often exists where a party has no adequate remedy at law."). The district judge should deny the motion for a preliminary injunction (Doc. No. 8) on that basis, as well.

## Conclusion

Wilson's motion for a preliminary injunction (Doc. No. 8) should be denied. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

*Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

February 26, 2019

cc: Jarrell Wilson, pro se