UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Jarrell Wilson

    v.                                    Civil No. 19-cv-127-PB

New Hampshire State Prison Warden[1]

**REPORT AND RECOMMENDATION**

Petitioner, Jarrell Wilson, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from the C-4 Close Custody Unit ("CCU") at the Northern New Hampshire Correctional Facility ("NCF") and placement in the general prison population. The matter is before the court to determine whether the petition is facially valid and may proceed. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); see also § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4).

Background

Petitioner claims that the New Hampshire Department of Corrections ("DOC") upgraded his security classification without providing him with the procedural protections the DOC classification guidelines, handbook, and manuals indicate he

---

[1]Wilson's current custodian, and the proper respondent in this case, is the New Hampshire State Prison Warden. The clerk's office is directed to update the docket accordingly.

must receive. The exhibits attached to the petition indicate that on October 25, 2018, Wilson received notice that he was being transferred to the NCF reception unit, pending his reclassification, for the "safety and security of the Institution." Doc. No. 1-1, at 2. At a reclassification board proceeding on October 29, 2018, NCF Capt. Smith explained to Wilson that the "security threat" at issue involved Wilson's name coming up in the protective custody ("PC") applications of other inmates four times. Doc. No. 1-1, at 12. Capt. Smith and other prison officials denied Wilson's requests for written evidence of such other inmates naming Wilson in their PC proceedings. Wilson was then reclassified to C-4 custody status and transferred to the CCU on October 29, 2018. Exhibits attached to the petition indicate that a C-4/CCU placement is not the most restrictive classification or placement in the prison system in New Hampshire; disciplinary segregation in the Special Housing Unit is more restrictive, and such inmates are classified as C-5. Petitioner asserts, however, that upon his reclassification and transfer to the CCU, he lost his kitchen job and became ineligible for the educational programs that he was enrolled in as a C-3 general population inmate.

  Wilson appealed the reclassification decision within the prison administrative system. Those appeals were unsuccessful.

  Wilson's transfer and reclassification were scheduled for

reconsideration after six months, ending on or about April 29, 2019. On March 8, 2019, petitioner notified this court that he had been transferred from NCF to the New Hampshire State Prison ("NHSP"); petitioner has not filed any record suggesting that his CCU placement has been extended at the NHSP.

Liberally construed, the petition asserts violations of Wilson's Fourteenth Amendment due process rights. Wilson claims prison officials reclassified him and transferred him to the CCU for six months in October 2018, in violation of his Fourteenth Amendment right to due process, by failing to provide him with written evidence regarding the threat that prison officials have asserted he presents. Petitioner seeks an order that would transfer him back to the general prison population.

## Discussion

I.  Mootness

Petitioner's C-4 reclassification was scheduled for termination or reconsideration on April 29, 2019, a date that has since passed. The instant petition would appear to be moot. The district judge should dismiss Wilson's petition as moot, to the extent he is no longer confined in the CCU pursuant to the reclassification decision at issue in the instant petition. Cf. Spencer v. Kemna, 523 U.S. 1, 7-8, 18 (1998) ("We are not in the business of pronouncing that past actions which have no

3

demonstrable continuing effect were right or wrong.").

II. Merits

Even if the relief Wilson seeks (release to the prison's general population) could be granted at this time, the petition would still be properly dismissed, pursuant to § 2254 Rule 4, as it plainly appears that Wilson is not entitled to relief on his due process claims.  The procedural protections of the Due Process Clause are triggered only if there is a deprivation of a protected interest in life, liberty, or property.  See Mathews v. Eldridge, 424 U.S. 319, 332 (1976).  "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty.'" Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted).  As a general principle, inmates do not have a right or protected interest in any particular institutional classification, placement, or eligibility for rehabilitative programming.  Riley v. O'Brien, No. 16-11064-LTS, 2016 U.S. Dist. LEXIS 120039, at *17-*18, 2016 WL 8679258, at *6 (D. Mass. Sept. 6, 2016); see also Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (Due Process Clause does not limit inter-prison transfer even when the new institution is substantially less agreeable); Palmigiano v. Mullen, 491 F.2d 978, 980 (1st Cir. 1974) (absent unusual circumstances, inmates do not have

4

constitutional right to any particular security classification). The Due Process Clause itself does not provide a basis for Wilson to ground any protected liberty interest in challenging his C-4 reclassification and transfer to the CCU.

Where the prison disciplinary restrictions at issue impose an "'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life,'" courts may find a protected liberty interest arising under state prison policies or regulations. Wilkinson, 545 U.S. at 223 (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).  Neither the loss of a prison job, nor the lack of access to educational programming, nor loss of a favorable security classification, nor transfer to a more restrictive housing unit for six months, however, presents an atypical and significant hardship relative to the ordinary incidents of prison life upon which a viable claim could be based here.  See, e.g., Hardaway v. Meyerhoff, 734 F.3d 740, 744 (7th Cir. 2013) (six-month confinement in segregation, without more, was not atypical and significant hardship); Smith v. King, No. 4:18CV219-DAS, 2019 U.S. Dist. LEXIS 14019, at *3, 2019 WL 361132, at *2 (N.D. Miss. Jan. 29, 2019) (six-month loss of privileges, prison job, and "favorable custody level" is not atypical and significant hardship); Waldron v. Gaetz, No. 11-cv-242-JPG-PMF, 2013 U.S. Dist. LEXIS 112965, at *6, 2013 WL 4051703, at *2 (S.D. Ill. Aug. 12, 2013) (six month segregation

5

Case 1:19-cv-00127-PB-AJ   Document 13   Filed 05/14/19   Page 6 of 7

Case 1:19-cv-00127-PB-AJ   Document 13   Filed 05/14/19   Page 6 of 7

with "no eligibility for a prison job" was not atypical and significant hardship); see also Hodge v. Santiesteban, No. 1:19-cv-00341-LJO-SAB (PC), 2019 U.S. Dist. LEXIS 77970, at *16, 2019 WL 2026503, at *6 (E.D. Cal. May 8, 2019) (recommending dismissal of due process claim, as allegations of removal from educational course and six months in administrative segregation did not amount to atypical and significant hardship); Graham v. Fortier, No. 10-CV-332-JL, 2010 WL 11404450, at *9, 2010 U.S. Dist. LEXIS 126814, at *26 (D.N.H. Nov. 15, 2010) ("New Hampshire law 'does not give [an inmate] a right to any particular custody status[,] and a change in custody status is not the type of 'atypical and significant hardship' from which a prisoner is entitled to protection under the due process clause'" (citations omitted)), R&R approved, 2011 WL 1237668, 2011 U.S. Dist. LEXIS 36869 (D.N.H. Apr. 4, 2011).  As Wilson's petition pleads facts demonstrating that he lacked a protected liberty interest under the circumstances, the district judge should dismiss Wilson's petition, pursuant to its authority under § 2254 Rule 4 and LR 4.3(d)(4).

## Conclusion

For the foregoing reasons, the district judge should dismiss Wilson's petition.  Any objections to this R&R must be filed within fourteen days of receipt of this notice.  See Fed.

6

R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                _____
                                                Andrea K. Johnstone
                                                United States Magistrate Judge

May 14, 2019

cc: Jarrell Wilson, pro se